UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL SILER and <br> FIONNUALA COOK, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, <br> CPD SGT. THOMPSON, Star # unkwn, <br> CPD OFFICER SOMMERFIELD, <br> Star #18479, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    No. <br> ) <br> )    Judge <br> ) <br> ) <br> )    Magistrate Judge <br> ) <br> )    Jury Demand <br> ) |

# COMPLAINT

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); and supplementary jurisdiction, as codified in 28 U.S.C. § 1367(a).

## PARTIES

2. Plaintiffs Rachel Siler and Fionnuala Cook are adult residents of the State of Illinois, City of Chicago.

3. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, is the employer and principal of the individual defendants and is responsible for the policies, practices and customs of the Chicago Police Department, its Civilian Employees, its Internal Affairs, its Personnel Division, its Patrol Division and its Chief of Police.

1

4. Defendants Thompson and Sommerfield were, at the time of this occurrence, duly appointed Chicago Police Officers. Defendants Thompson and Sommerfield were engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Chicago.

5. At all times material to this complaint Defendants Thompson and Sommerfield were acting under color of state law, ordinance and/or regulation. At the time of this occurrence, Defendants were on duty and in uniform and they are sued in their individual capacities.

## FACTS

6. On November 1, 2011, at just before 6 p.m., Rachel Siler was traveling southbound on Clark Street, as close to the west curb as possible, between Jackson and Van Buren Avenues by way of her motorized wheelchair through downtown Chicago.

7. At this same date and time, Fionnuala Cook, who assisted Ms. Siler with personal needs as her disability required, was traveling by bicycle southbound on Clark Street, near to Ms. Siler.

8. Plaintiffs were traveling from the intersection of LaSalle and Jackson, where they were participating in OCCUPY CHICAGO, to another scheduled meeting in the South Loop area.

9. Defendant Thompson, driving an official Chicago Police Department vehicle, without warning or cause, pulled in front of Ms. Siler cutting off her forward movement and trapping her between his vehicle and a parked car, forcing her to maneuver farther out into the street around his vehicle.

10. Defendant Thompson verbally abused Ms. Siler, yelling at her to get on the sidewalk and falsely claiming that wheelchairs were not allowed in the street.

11. As the women attempted to proceed toward their destination, Defendant Thompson accelerated his vehicle, speeding dangerously close to Ms. Cook on her bicycle.

12. Defendant Thompson again pulled in front of Ms. Siler's wheelchair, cutting off her movement and placing her in fear that Defendant's vehicle would hit her.

13. At approximately the intersection of Clark Street and Van Buren, Defendant Thompson exited his vehicle. He aggressively and belligerently approached Ms. Siler, screaming at her again that wheelchairs were not allowed in the street and demanding her identification.

14. Before Ms. Siler was able to produce her identification, Defendant Thompson grabbed toward her thigh area, ripping Ms. Siler's earphones out of her ears and knocking her purse from the arm of her wheelchair.

15. As Ms. Cook leaned down to secure Ms. Siler's purse, Defendant Thompson painfully grabbed Ms. Cook by her shoulders, knocking her bicycle to the curb and slamming her against the metal supports of the Chicago Transit Authority elevated train tracks.

16. Defendant Thompson then handcuffed Ms. Cook and painfully threw her into the back of a police vehicle with great force.

17. A bystander who suggested a legal observer be contacted was threatened and told to leave the area.

18. Defendant Sommerfield was inside the police vehicle where Ms. Cook was detained and did nothing to assist her for during the entire approximately twenty minutes until she was pulled out of the police vehicle.

19. Defendant Thompson then again violently and painfully threw Ms. Cook into the back seat of the police vehicle, falsely claiming she had threatened him.

20. Other police officers who arrived on the scene made demeaning, disrespectful and condescending comments to Ms. Siler.

21. After almost an hour, Defendant Sommerfield, in a verbally abusive manner, had Ms. Siler sign a citation for obstruction of traffic and provided her with a copy.

22. Ms. Cook was finally removed from the police vehicle and uncuffed, Defendant Sommerfield required her to sign a citation for disobedience of police orders, but refused to provide her with a copy of the citation.

23. As a result of these false charges, Plaintiffs were required to retain an attorney and compelled to appear in court.

24. On November 23, 2011, all charges against the Plaintiffs were dismissed with prejudice and the cases terminated in favor of Plaintiffs.

25. As a direct and proximate result of the acts of these Defendants as detailed above, Plaintiffs suffered and continue to suffer, *inter alia*, bodily injury, pain, suffering, mental distress, fear, anguish, humiliation, loss of liberty, and legal expenses.

## COUNT I
**[Plaintiff Siler's False Arrest Claim Pursuant to 42 U.S.C. § 1983]**

26. Plaintiff realleges paragraphs 1-25.

27. The actions of Defendants Thompson and Sommerfield in falsely arresting,

detaining and/or failing to intervene in the arrest and detention of Plaintiff, despite the opportunity to do so, without probable cause, violated her Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

28. The actions of Defendants Thompson and Sommerfield were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, as well as the injuries, the mental suffering, the anguish, the humiliation, the loss of personal freedom and the expenses, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Rachel Siler demands actual or compensatory damages against Defendants Thompson and Sommerfield and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT II
**[Plaintiff Cook's False Arrest Claim Pursuant to 42 U.S.C. § 1983]**

29. Plaintiff Fionnuala Cook realleges paragraphs 1-25.

30. The actions of Defendants Thompson and Sommerfield in falsely arresting, detaining and/or failing to intervene in the arrest and detention of Plaintiff, despite the opportunity to do so, without probable cause, violated her Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

31. The actions of Defendants Thompson and Sommerfield were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, as well as the injuries, the mental suffering, the anguish, the humiliation, the loss of personal freedom and the expenses, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Fionnuala Cook demands actual or compensatory damages against Defendants Thompson and Sommerfield and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT III

## [Plaintiff Cook's Excessive Force Claim Pursuant to 42 U.S.C. § 1983]

33. Plaintiff realleges paragraphs 1 through 25.

34. The acts of Defendant Thompson in grabbing her, squeezing her, slamming her into metal supports, and throwing her in a police vehicle as well as the failure of Defendant Sommerfield to prevent this brutality, violated Plaintiff Cook's right under the Fourth Amendment to the United States Constitution to be secure in her person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

35. The actions of the individual Defendants were the direct and proximate cause of the violations of Plaintiff Cook's Fourth Amendment rights, her injuries, mental suffering, anguish and humiliation and expenses, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Fionnuala Cook demands actual or compensatory damages against the individual Defendants, and because the individual Defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## [Plaintiff Cook's Pendent State Law for Battery]

36. Plaintiff realleges paragraphs 1 through 25.

37. The actions of Defendant Thompson constituted the tort of battery under Illinois state law.

WHEREFORE, pursuant to state law, Plaintiff Cook demands actual or compensatory damages jointly and severally from this defendant. Additionally, because this defendants acted maliciously, wilfully, wantonly, and/or with reckless disregard for plaintiff's rights, plaintiff demands punitive damages from each of these defendants. Plaintiff also demands costs and whatever additional relief this Court deems equitable and just.

## COUNT V
### [Both Plaintiffs' Pendent State Law Claim For IIED]

38. Plaintiffs reallege paragraphs 1 through 25.

39. The acts of Defendants Thompson and Sommerfield in assaulting, battering or failing to intervene to prevent this conduct, and the other unconstitutional conduct as more fully set forth above, manufacturing and falsifying evidence to attempt to cover up and/or justify their conduct and their attempts to criminalize Plaintiffs were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause Plaintiffs severe emotional distress as set forth above.

40. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiffs were injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

WHEREFORE, Plaintiffs Siler and Cook demand actual or compensatory damages against Defendants, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

## COUNT VI

**[Both Plaintiffs' Pendent State Law Claims for *Respondeat Superior*]**

41. Plaintiffs reallege paragraphs 1-25.

42. The individual Chicago police employees were, at all times relevant to this Count, employees and agents of the Defendant City of Chicago. Each of the individual Chicago police employees was acting within the scope of their employment, and their acts and omissions are directly chargeable to their employer the Defendant City of Chicago under state law pursuant to respondeat superior.

WHEREFORE, Plaintiffs demands judgment for compensatory damages, jointly and severally from the City of Chicago.

## COUNT VII
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

43. Plaintiffs reallege paragraphs 1-25.

44. Defendant City of Chicago was the employer of the individual Chicago police officers, including Defendants Thompson and Sommerfield, at all times relevant to this complaint.

45. Defendants Thompson and Sommerfield committed the acts alleged above in the scope of their employment as employees of the City of Chicago.

WHEREFORE, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant City of Chicago in the amount awarded to Plaintiffs against any and all Defendants as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the Plaintiffs and Defendants, and for whatever additional relief this Court deems equitable and just.

Respectfully submitted,

JANINE L. HOFT
MICHAEL E. DEUTSCH
People's Law Office
Attorneys for the Plaintiffs
1180 N. Milwaukee Avenue
Chicago, Illinois 60642
(773)235-0070

Dated: March 27, 2012

**Plaintiffs demand a jury trial on each and every count of this Complaint.**